**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1458
_____

UNITED STATES OF AMERICA

v.

JOHN ANGELL,
                                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-11-cr-00713-001
District Judge: The Honorable William H. Yohn, Jr.

Argued September 9, 2014

Before: SMITH, SHWARTZ, and ROTH, *Circuit Judges*

(Opinion Filed:  October 22, 2014)


Michelle Morgan            [ARGUED]
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA  19106
*Counsel for Appellee*


Robert Epstein            [ARGUED]
Federal Community Defender Office for
The Eastern District of Pennsylvania
601 Walnut Street

The Curtis Center, Suite 540 West
Philadelphia, PA  19106
*Counsel for Appellant*

―――――――――――

OPINION[*]

―――――――――――

SMITH, *Circuit Judge.*

John Angell was found guilty by a jury of eleven counts of traveling for purposes of engaging in sex with a minor in violation of 18 U.S.C. § 2423(b), and eleven counts of aggravated sexual abuse of a child in violation of 18 U.S.C. § 2241(c).  Angell timely appealed, claiming that:  (1)  the evidence was insufficient to support a conviction for any of the twenty-two counts;  and (2)  the District Court committed reversible error in omitting an element of § 2241(c) from its jury instructions.[1]  We conclude that the evidence was sufficient to convict on all counts, but that the omission of a § 2241(c) element must be corrected. Accordingly, we will affirm the § 2423(b) convictions, vacate the § 2241(c) convictions and remand for further proceedings.

Angell was hired by the victim's father to drive the victim and his sister between their father's house in Pennsylvania and their mother's house in New

―――――――――――

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291.

York. Angell drove in this capacity for eight years and became very close with both children. The Government alleged that Angell repeatedly abused the victim during trips his sister skipped. The Government selected eleven particular trips for which it could establish that Angell was alone with the victim, and which took place well after the abuse allegedly began. For each trip, the Government charged Angell with one count each of violating § 2423(b) and § 2241(c).

## I.

Angell does not dispute that there was sufficient evidence to find that he violated both statutes at some point – most notably, the Government introduced a tape of a call the victim made to Angell (as part of the FBI's investigation) during which the two discussed their sexual relationship, at times referring to sex as "what happened in the Lexus." Rather, Angell argues that the evidence was insufficient to find that he did so on the particular dates attached to each count. Viewing the evidence in the light most favorable to the Government, we conclude there was sufficient evidence for a reasonable jury to find that the abuse occurred on all of the dates in question. *See, e.g.*, *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc).

The victim initially told investigators that Angell abused him "every time" they travelled alone together. At trial the victim testified on direct examination that it happened "[p]robably, I think every time we were alone." On cross-

3

examination he testified: "just about every time that [we] were in the car alone, something happened;" "I mean, I didn't keep a record. I'm not sure if it happened every single time," and agreed that it "would be fair to say" that he was abused "most times" they were alone together. Aside from establishing that Angell was alone with the victim on the dates charged in the indictment (in part by introducing EZ-Pass records from those dates which showed that Defendant's trips on the PA Turnpike varied somewhat significantly in time) the Government offered no other evidence to tie the abuse to those dates.

"[I]t is the jury's province (and not ours) to make credibility determinations." *United States v. Richardson*, 658 F.3d 333, 337 (3d Cir. 2011). The victim consistently testified that, at a minimum, he *believed* the abuse occurred every time they were alone together. The jury was entitled to believe him, especially given the Government's overwhelming evidence that abuse occurred. In addition to the taped call with Angell, the Government introduced the testimony of an expert urologist who examined Angell and found that he had genital scarring consistent with a description given by the victim.

If the jury could conclude that the abuse occurred on all of the dates in question, it could certainly conclude that "a significant or motivating purpose" of the travel was to facilitate the abuse. *See United States v. Hayward*, 359 F.3d 631, 637–38 (3d Cir. 2004) (rejecting the argument that "the dominant" purpose of the

4

travel be related to the abuse). That conclusion is not inconsistent with the fact that Angell also crossed state lines for the purpose of performing his job of transporting the victim between his parents' houses.

## II.

Although an element of § 2241(c) is "performing or attempting to perform [a sexual] act," *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010), the District Court omitted that element from the jury's instructions. Angell did not object at trial. "Under the plain error test, before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Haywood*, 363 F.3d 200, 206–07 (3d Cir. 2004) (internal brackets omitted). The Government concedes that the first two requirements are met. However it claims there was no prejudice because the evidence against Angell was overwhelming for all of the counts. And even if it was not, the Government claims the evidence was overwhelming for at least one of the counts and therefore Angell would have received the same sentence, thus preserving the fairness, integrity, and public reputation of the proceedings. We disagree with both contentions.

5

The evidence that any misconduct occurred on all of the dates in question or even any particular date in question, while sufficient, was not overwhelming: the victim did not testify with certainty and the EZ-Pass records indicated that it was unlikely Angell stopped on the turnpike (where some but not all of the abuse allegedly occurred) for long enough to abuse the victim on some of the dates. *See United States v. Dobson*, 419 F.3d 231, 240 (3d Cir. 2005) ("To be sure, the Government presented evidence from which the jury could have concluded that Dobson knew of the fraudulent nature of the UL scheme. However, this does not preclude a finding of prejudice for purposes of plain error."); *Haywood*, 363 F.3d at 207 (plain error cannot be ignored based on "[s]peculation about what the jury could have done if properly instructed"). Even if we were inclined to agree with the Government that there was no unfairness, the public reputation of the proceedings would still be impugned. *See Dobson*, 419 F.3d at 241 ("a conviction based on an incomplete charge taints the reputation of the judicial process").

## III.

Accordingly, we will affirm the § 2423(b) convictions (Counts 1-11). We will vacate the § 2241(c) convictions (Counts 12-22) and remand the case to the District Court for further proceedings consistent with this opinion.

6